UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TORRES CONSULTING AND LAW GROUP, LLC., | C.A. No. 14-17303 |
| Plaintiff-Appellant, | D. Ct. CV-14-00801-PHX-MEA |
| v. | **MOTION TO STRIKE LETTER FROM NATIONAL SECURITY COUNSELORS, INC., ET AL.** |
| NATIONAL AERONAUTICS AND SPACE ADMINISTRATION, | |
| Defendant-Appellee. | |

The National Aeronautics and Space Administration (NASA), through undersigned counsel, respectfully moves to strike the Letter from Amici Curiae, filed June 1, 2015, because it fails to comply with Fed. R. App. P. 29.

On March 2, 2015, Appellant filed its opening brief with the Court. Dkt. 5-1. Three months later — and just one day before NASA was to file its responsive brief — representatives of four non-party organizations filed a letter as "amici curiae" in support of and reiterating Appellant's position. Dkt. 12-1.

To participate as amici curiae, one must comply with Fed. R. App. P. 29. Amici curiae "may only file a brief by leave of the Court or with the consent of all parties." Fed. R. App. P. 29(a). The organizations failed to either file a Motion for Leave to File or to obtain consent of all the parties to its filing. Furthermore, Fed.

R. App. P. 29(e) requires amici curiae to file "no later than 7 days after the principal brief of the party being supported is filed." The organizations filed three months later. The filing is therefore untimely.

Filing an amici letter, rather than a brief, does not obviate the need to comply with the Federal Rules of Appellate Procedure. "The FRAP and Ninth Circuit rules are 'not optional suggestions ... but rules that ... are entitled to respect, and command compliance.'" *In re O'Brien*, 312 F.3d 1135, 1137 (9th Cir. 2002) (citing *Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1243 (9th Cir. 1998). Although the Ninth Circuit Advisory Committee Note to Circuit Rule 29-1 supports the notion of filing an amici letter rather than a brief, it does not negate the need to comply with the Court's procedural requirements before a party can claim to be an amicus. *See, e.g.*, National Association of Criminal Defense Lawyer's Motion for Leave to File Letter As Amicus Curiae, *In re Han Yong KIM*, No.13-72727, 2013 WL 6045895 at *1 (9th Cir. Nov. 7, 2013); Pcia-the Wireless Infrastructure Association's Motion to File Letter in Support of Plaintiff, *Am. Tower Corp. v. The City of San Diego, California, et al.*, Nos. 11-56766, 11-56861, 2012 WL 1134227 at *2 (9th Cir. March 26, 2012); Dennis S. Karjala's Motion To Become Amicus Curiae And Motion For Leave To File Letter In Lieu Of Brief Of Amicus Curiae, *Hunt, et al v. Pasternak, et al*, ECF No. 61, No. 97-16853 (9th Cir. August 5, 1999).

For the foregoing reasons, the Letter from Amici Curiae should be stricken.

Respectfully submitted this 11th day of June, 2015.

        JOHN S. LEONARDO
        United States Attorney
        District of Arizona

        KRISSA M. LANHAM
        Deputy Appellate Chief

        *s/ Kristina L. Morrison*
        KRISTINA L. MORRISON
        Assistant U.S. Attorney
        Two Renaissance Square
        40 North Central Avenue, Suite 1200
        Phoenix, Arizona 85004-4408
        Telephone: (602) 514-7500

## CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/ Melody A. Karmgard*
MELODY A. KARMGARD
Paralegal Specialist
